IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| GRUNLEY-WALSH, LLC | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 07-190C |
| v. | ) | (Judge Lettow) |
| | ) | |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint of plaintiff, Grunley-Walsh, LLC ("Grunley-Walsh"), defendant, the United States, admits, denies, and alleges as follows:

1. The allegations contained in paragraph 1 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to their truth.

3. Admits.

4. Denies the allegation contained in the first sentence of paragraph 4 that on May 6, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Avers that on May 13, 1998, the Department of the Interior, National Park Service awarded Grunley-Walsh Contract No. 1443CX305998901. Admits the remaining allegations contained in the first sentence of paragraph 4 to the extent supported by Contract No. 1443CX305998901, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in the first sentence of paragraph 4. The second sentence of paragraph 4

contains plaintiff's characterization of its complaint, to which no response is required. Admits the allegations contained in the third sentence of paragraph 4.

5. Denies the allegation contained in the first sentence of paragraph 5 that Contract Modification No. 7 was dated November 15, 2001. Avers that Contract Modification No. 7 was dated November 21, 2001, and was effective November 15, 2001. Admits the remaining allegations contained in paragraph 5 to the extent supported by Modification No. 7, which is the best evidence of its contents; otherwise, denies the remaining allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent supported by Task Order No. 35, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 6.

7. The allegations contained in paragraph 7 constitute plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in paragraph 8 to the extent supported by the March 16, 2007 letter cited, which is the best evidence of its contents; otherwise, denies the allegations contained in paragraph 8.

9. The allegations contained in paragraph 9 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

10. Admits the allegations contained in the first and second sentences of paragraph 10 to the extent supported by the November 2003 contract drawings cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the first and second

sentences of paragraph 10. Admits the allegations contained in the third sentence of paragraph 10 to the extent supported by the March 19, 2004 drawings cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the third sentence of paragraph 10. Avers that the March 19, 2004 drawings cited were not issued or created by the National Park Service, and were not a contract deliverable by Grunley-Walsh.

11. Denies the allegations contained in the first sentence of paragraph 11. Admits the allegations contained in the second sentence of paragraph 11 to the extent supported by the "contract drawings" cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the second sentence of paragraph 11. Avers that it is not clear which "contract drawings" plaintiff is referencing. Denies that the illustration below paragraph 11 is an excerpt from any drawing issued or created by the National Park Service.

12. Admits the allegations contained in the first sentence of paragraph 12 to the extent supported by the "civil engineering drawings" cited, which are the best evidence of their contents; otherwise, denies the allegations contained in the first sentence of paragraph 12. Avers that the "civil engineering drawings" cited were not issued or created by the National Park Service, and were not a contract deliverable by Grunley-Walsh. Admits the allegations contained in the second sentence of paragraph 12 to the extent supported by the drawing cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 12. Denies that the illustration below paragraph 12 is an excerpt from any drawing issued or created by the National Park Service, or accurately depicts conditions or work performed on the project.

13. Admits the allegation contained in the first sentence of paragraph 13. Avers that

the National Park Service did not determine that additional drainage was needed in the Southeast area of the project. Admits the allegation contained in the second sentence of paragraph 13 that Wiles Mensch issued the design sketch cited on May 18, 2004 to the extent supported by the document cited, which is the best evidence of its contents; otherwise, denies the allegation contained in the second sentence of paragraph 13 that Wiles Mensch issued the design sketch cited on May 18, 2004. Avers that Wiles Mensch did not issue the design sketch cited to the National Park Service. Denies the allegations contained in the third sentence of paragraph 13.

14. Denies the allegations contained in the first sentence of paragraph 14. Admits the allegations contained in the second sentence of paragraph 14 to the extent supported by the March 19, 2004 civil drawings cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 14. Avers that the March 19, 2004 civil drawings were not issued or created by the National Park Service, and were not a contract deliverable by Grunley-Walsh. Denies that the drawing excerpts below paragraph 14 are excerpts from any drawings issued or created by the National Park Service.

15. Admits the allegations contained in the first sentence of paragraph 15 to the extent supported by the July 24, 2004 document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the first sentence of paragraph 15. Admits the allegations contained in the second sentence of paragraph 15 to the extent supported by the July 26, 2004 document cited, which is the best evidence of its contents; otherwise, denies the allegations contained in the second sentence of paragraph 15. Denies that the drawing excerpt below paragraph 15 is an excerpt from any drawing issued or created by the National Park Service.

16. The allegations contained in paragraph 16 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. Admits the allegation contained in paragraph 17 that Grunley-Walsh requested a contracting officer's final decision on January 15, 2007, to the extent supported by the letter at Exhibit D to plaintiff's complaint, which is the best evidence of its contents; otherwise, denies the allegation contained in paragraph 17 that Grunley-Walsh requested a contracting officer's final decision on January 15, 2007. The remaining allegations contained in paragraph 17 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. Defendant's responses to paragraphs 1 through 18 of the complaint are incorporated by reference.

20. The allegations contained in paragraph 20 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 constitute conclusions of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20 [second]. The allegations contained in paragraph 20 [second] constitute conclusions

of law, and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 20 [second], or to any relief whatsoever.

23. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

24. Plaintiff's claims are barred by the doctrine of payment insofar as plaintiff has received payment and has been fully compensated according to the terms and conditions of the contract.

25. Plaintiff's claims are totally or partially barred by accord and satisfaction.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Donald E. Kinner
DONALD E. KINNER
Assistant Director

OF COUNSEL:
Alton Woods
Assistant Solicitor
Emily Parkhurst
Attorney Advisor
Department of the Interior
General Law Division
1849 C Street NW
Room 7322
Washington, DC 20240

s/ Tara Kilfoyle
TARA KILFOYLE
Trial Attorney
Commercial Litigation Branch
Civil Division
1100 L St., N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 305-1709
Fax: (202) 307-0972

May 21, 2007

CERTIFICATE OF SERVICE

I hereby certify that on this 21st[th] day of May 2007, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

s/ Tara Kilfoyle